1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAYMOND MOSS,

                          Plaintiff,

        v.

CLARK COUNTY TITLE, CHASE BANK
NA, GARY SAUTTER, U.S.
DEPTARTMENT OF HOUSING AND
URBAN DEVELOPMENT,

                          Defendants.

CASE NO. 3:23-cv-05317-RJB

ORDER GRANTING MOTION TO
DISMISS

This matter comes before the Court on Defendants U.S. Department of Housing and

Urban Development's ("HUD") and Gary Sautter's, HUD's Acting Director of Asset Recovery,

sued in his official capacity, Fed. R. Civ. P. ("Rule") 12(b)(1) and (6) Motion to Dismiss First

Amended Complaint.  Dkt. 33.  The Court has considered the pleadings filed in support of and in

opposition to the motion and the file herein.

In this case the Plaintiff, Raymond Moss, contends that Defendant Clark County Title,

while acting as an escrow agent, failed to pay off a second mortgage on Mr. Moss's home.  Dkt.

1   6. Mr. Moss asserts that the holder of that mortgage, HUD, is now threatening to garnish his

2   wages, and seeks, in part, an injunction prohibiting HUD from doing so.  *Id.*

3       HUD and Acting Director of Asset Recovery Sautter now move for dismissal of the

4   claims against them with prejudice and without leave to amend.  For the reasons provided below,

5   the motion (Dkt. 33) should be granted.

6                              I.        **FACTS AND PROCEDURAL HISTORY**

7       **A. FACTS**

8       The following are facts from the Plaintiff's Amended Complaint (Dkt. 6), which for

9   purposes of the pending motion, are presumed true and HUD concedes as much (Dkt. 33).

10      Mr. Moss contracted with Defendant Clark County Title to provide escrow services for

11  the 2016 sale of a home located at 6305 NE 87th Ave, Vancouver, Washington.  Dkt. 6 at 3.

12  Clark County Title correctly identified the primary mortgage, through Chase Bank NA (who was

13  voluntarily dismissed from this case (Dkt. 20)) and the secondary mortgage, which originated

14  with Chase Bank NA but was funded by HUD ("HUD loan").  *Id.*  Clark County Title failed to

15  request a payoff from HUD.  *Id.*

16      Unbeknownst to Mr. Moss, when the property was sold, the HUD loan was not repaid.

17  Dkt. 6 at 4.  Mr. Moss learned the HUD loan was still outstanding when he received a collection

18  notice from a HUD authorized collection agent.  *Id.*  Mr. Moss reported the issue to "Treasury

19  who is responsible for the HUD program" and they "refused to absolve or acquit [him] of the

20  indebtedness."  *Id.* at 5.  Mr. Moss faces garnishment of his wages via "Administrative Wage

21  Garnishment," which the Amended Complaint concedes is an administrative process.  *Id.* at 5-6.

22      The Amended Complaint does not allege discrete claims.  Dkt. 6.  It references *Bivens v.*

23  *Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), the

24

1  Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.,* and the federal question statute, 28 U.S.C.

2  § 1331. *Id.*

3        Due to Clark County Title's error, Mr. Moss contends he has been injured including, but

4  not limited to, interest, penalties, and fees assessed on the HUD loan, and damage to his credit

5  rating which has effected his ability to acquire financing.  Dkt. 6 at 4.  He seeks (1) a declaration

6  that "indemnification by [Clark County Title] and coverage under any applicable errors and

7  omissions insurance policies" is appropriate, (2) attorneys' fees and costs pursuant to the

8  agreement with Clark County Title, and (3) "injunctive relief enjoining the collection of the past

9  due amount from Plaintiff by HUD until the underlying dispute is resolved." *Id.* at 6-7.

10  **B.  PENDING MOTIONS**

11        HUD and Acting Director of Asset Recovery Sautter now move for dismissal of the

12  claims against them under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6)

13  for failure to state a claim.  Dkt. 33.  The Plaintiff filed an opposition to the motion to dismiss

14  and a cross motion for partial summary judgment (Dkt. 35) which is noted for consideration on

15  November 17, 2023.  The Plaintiff did not meaningfully address HUD and Sautter's arguments

16  regarding this Court's jurisdiction or his failure to state a claim against them.  Still, to the extent

17  that they applied to the motion to dismiss, the Court considered issues raised in the Plaintiff's

18  pleading (Dkt. 35).  HUD and Sautter filed a reply (Dkt. 36) and the motion to dismiss (Dkt. 33)

19  is ripe for review.

20  **II.  DISCUSSION**

21  **A.  STANDARD FOR RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF**
       **SUBJECT MATTER JURISDICTION**

22

23        A complaint must be dismissed under Rule 12(b)(1) if, considering the factual allegations

24  in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution,

laws, or treaties of the United States, or does not fall within one of the other enumerated

categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the

meaning of the Constitution; or (3) is not one described by any jurisdictional statute.  *Baker v.*

*Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063

(W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction).

The United States, as sovereign, is immune from suit unless it consents to be sued. *See*

*United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107

(9th Cir. 1995). If a claim does not fall squarely within the strict terms of a waiver of sovereign

immunity, a district court is without subject matter jurisdiction.  *Mundy v. United States*, 983

F.2d 950, 952 (9th Cir. 1993).

A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes

otherwise.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West,*

*Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Therefore, plaintiff bears the

burden of proving the existence of subject matter jurisdiction.  *Stock West* at 1225.

## B.  STANDARD ON RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a

cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material

allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston*

*v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6)

motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 554-55 (2007)(*cleaned up*).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555.  The complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 547.

### C.  *BIVENS* CLAIM

To the extent Mr. Moss attempts to assert a claim pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), the claim should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

Mr. Moss seeks injunctive relief against HUD and Sautter in his official capacity.  A *Bivens* suit, however, cannot be brought against a federal agency, like HUD.  *F.D.I.C. v. Meyer,* 510 U.S. 471 (1994).  Moreover, a "*Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity."  *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007).  This is because a *Bivens* suit against a defendant in his or her official capacity would be another way of pleading an action against the United States – a suit which would be barred by the doctrine of sovereign immunity.  *Id.*  Mr. Moss fails to demonstrate that the United States has waived sovereign immunity here.  There is no showing the Court has subject matter jurisdiction over this claim.

Additionally, to the extent Mr. Moss asserts a *Bivens* claim, it should be dismissed for failure to state a claim under Rule 12(b)(6).  He fails to point to a cognizable legal theory on which he could recover.

In *Bivens*, the U.S. Supreme Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional

rights." *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017). Expanding *Bivens* remedies is disfavored. *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018). Indeed, since *Bivens*, which involved a warrantless search and seizure of an individual alleged to be involved in a drug offense, the U.S. Supreme Court "has only expanded this 'implied cause of action' twice. In *Davis v. Passman*, the Court provided a *Bivens* remedy under the Fifth Amendment's Due Process Clause for gender discrimination." *Id.* (*citing Davis v. Passman,* 442 U.S. 28 (1979)). In *Carlson v. Green*, the U.S. Supreme Court "expanded *Bivens* under the Eighth Amendment's Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment to a prisoner." *Id.* (*citing Carlson v. Green,* 446 U.S. 14 (1980)).

Mr. Moss has failed to demonstrate that the U.S. Supreme Court or the Ninth Circuit Court of Appeals have expanded *Bivens* in the context of the federal government's denial of a request to stop a garnishment related to a debt on a HUD loan. The circumstances of this case "arise in a new *Bivens* context;" it is "different in a meaningful way from previous *Bivens* cases decided" by the U.S. Supreme Court or the Ninth Circuit Court of Appeals. *Ziglar v. Abbasi,* 137 S. Ct. 1834, 1864 (2017)(*cleaned up*). Mr. Moss has not shown that expansion of *Bivens* is appropriate here. He has not identified a cognizable *Bivens* claim.

Further, in order to maintain a *Bivens* action, a plaintiff must identify the violation of a federal constitutional right. *Correctional Servs. Corp. v. Malesko,* 534 U.S. 61, 66 (2001). The Plaintiff has not done so here and has not alleged any facts which could be construed as a violation of his constitutional rights. Moreover, he seeks injunctive relief from HUD – a request to enjoin official governmental action – relief a *Bivens* claim cannot give. *Solida v. McKelvey*, 820 F.3d 1090, 1095-1096 (9th Cir. 2016). His *Bivens* claim should be dismissed.

### D.  DECLARATORY JUDGMENT ACT AND FEDERAL QUESTION JURISDICTION STATUTE

To the extent Mr. Moss asserts a claim pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 or the federal question jurisdiction statute, 28 U.S.C. 1331, the claims should be dismissed for lack of subject matter jurisdiction.

The Court does not have subject matter jurisdiction over claims against the United States unless the United States waives its sovereign immunity.  *Mundy* at 952.  Further, "[t]he United States may be sued only if a **statute** expressly waives its sovereign immunity."  *Alaska Dep't of Nat. Res. v. United States*, 816 F.3d 580, 585 (9th Cir. 2016)(*emphasis added*).

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201.  That Act does not contain a waiver of sovereign immunity.  The federal question statute provides, in full, that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Mr. Moss fails to point to a provision of the Declaratory Judgment Act, 28 U.S.C. § 2201, or in the federal question statute, 28 U.S.C. § 1331, that expressly waives the United States sovereign immunity.  Accordingly, to the extent he attempts to make claims under either statute against HUD or Mr. Sautter, this Court does not have jurisdiction to consider them.  Moreover, HUD and Mr. Sautter's argument, that the federal question statute, 28 U.S.C. § 1331, does not state a cognizable claim for relief, also has merit.

To the extent he makes a claim under the Declaratory Judgment Act, 28 U.S.C. § 2201, or the federal question statute, 28 U.S.C. § 1331, against HUD or Sautter, the claims should be dismissed.

### E.  DISMISSAL WITHOUT LEAVE TO AMEND

A court may dismiss a complaint without leave to amend when amendment would be futile.  *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Dismissal of the claims against HUD and Sautter should be with prejudice and without leave to amend.  Mr. Moss has failed to identify an applicable waiver of sovereign immunity.

The government properly points out that in order to assert a claim under the Administrative Procedures Act, 5 U.S.C. § 551, *et. seq.*, (which does contain a limited waiver of sovereign immunity), Mr. Moss must challenge a "final agency action" under 5 U.S.C. § 704. Dkt. 33.  It notes, and Mr. Moss does not dispute, that he seeks to enjoin a preliminary action, not a final action.  *Id.*  The government points out that wage garnishments like the one here can be challenged in an administrative hearings process under 31 C.F.R. 285.11.  *Id.*  Mr. Moss makes no showing that he has engaged in that process.

### F.  CONCLUSION AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendants HUD and Acting Director of Asset Recovery Sautter's motion to dismiss (Dkt. 33) should be granted.  All claims against them should be dismissed with prejudice and without leave to amend.

The Plaintiff's opposition to the motion to dismiss (Dkt. 33) was contained in his cross motion for partial summary judgment (Dkt. 35).  To the extent the Plaintiff moves for summary judgment on his claim for injunctive relief against HUD and Acting Director of Asset Recovery Sautter (Dkt. 35) the motion should be denied.  To the extent issues are raised against the other

remaining Defendant in this case, Clark County Title, the Plaintiff's motion for summary

judgment (Dkt. 35) will be considered after the noting date.

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- Defendants U.S. Department of Housing and Urban Development and Gary

  Sautter's Rule 12(b)(1) and (6) Motion to Dismiss First Amended Complaint

  (Dkt. 33) **IS GRANTED:**

  - All claims asserted against Defendants U.S. Department of Housing and

    Urban Development and Gary Sautter **ARE DISMISSED WITH**

    **PREJUDICE** and **WITHOUT LEAVE TO AMEND;**

  - To the extent the Plaintiff moves for summary judgment on his claim for

    injunctive relief against Defendants U.S. Department of Housing and

    Urban Development and Gary Sautter the motion (Dkt. 35) **IS DENIED;**

    and

  - The remainder of Plaintiff's motion for partial summary judgment (Dkt.

    35) **WILL BE CONSIDERED AFTER THE NOTING DATE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and

to any party appearing *pro se* at said party's last known address.

Dated this 8th day of November, 2023.

ROBERT J. BRYAN
United States District Judge