1
2
3
4
5
6
7
8
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9                              AT TACOMA
10
11   RAYMOND MOSS,                          CASE NO. 3:23-cv-05317-RJB

                          Plaintiff,        ORDER ON CROSS MOTIONS
12                                          FOR SUMMARY JUDGMENT
            v.                              AND ON MOTION TO STRIKE
13
     CLARK COUNTY TITLE, CHASE BANK
14   NA, GARY SAUTTER, U.S.
     DEPTARTMENT OF HOUSING AND
15   URBAN DEVELOPMENT,
16                        Defendants.

17          This matter comes before the Court on Defendant Clark County Title [Co.'s] (referred to

18   as "Clark County Title" or "title company") motion to strike (Dkt. 45), Plaintiff's Partial Motion

19   for Summary Judgment (Dkt. 35) and Clark County Title's motion for summary judgment (Dkt.

20   38). The Court has considered the pleadings filed regarding the motions and the file herein.

21          In this case, the Plaintiff, Raymond Moss, contends that Defendant Clark County Title,

22   while acting as an escrow agent, failed to pay off a second mortgage on his former residence

23   resulting in damages to him. Dkt. 6. The Plaintiff does not seek damages in this case – only

24   declaratory relief, attorneys' fees, and costs. *Id.*

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT AND ON MOTION TO STRIKE - 1

Defendants Chase Bank NA ("Chase"), Gary Sautter, and the U.S. Department of Housing and Urban Development ("HUD") have now been dismissed with prejudice.  Dkts. 20 and 37.  Both remaining parties (Plaintiff and the title company) now cross move for summary judgment.  For the reasons provided below, the Plaintiff's motion (Dkt. 35) should be denied, in part, and renoted in part, and the title company's motion (Dkt. 38) should be granted, in part, and renoted, in part.

## I.   <u>RELEVANT FACTS AND PROCEDURAL HISTORY</u>

### A.  FACTS

In 2007, Mr. Moss purchased a home located at 6305 NE 87th Ave, Vancouver, Washington and financed the purchase with a loan from Chase ("Chase mortgage" or "Chase loan").  Dkt. 35-1 at 2.  After Mr. Moss began having difficulty paying the loan, people at Chase helped him get a "loan modification."  *Id.*  On September 26, 2013, Mr. Moss took out a subordinate mortgage on the property financed by HUD ("HUD mortgage").  Dkts. 6-2 at 2-8; 35-1 at 9-12.  According to Mr. Moss, the Chase mortgage and HUD mortgage had the same loan account number and he believed that the loans were grouped together.  Dkt. 35-1 at 4.

In January of 2016, Mr. Moss decided to sell the property.  Dkt. 35-1 at 21-32.  He hired Defendant Clark County Title to act as the escrow and closing agent.  Dkt. 35-1 at 14-19.  In his seller information form, Mr. Moss indicated that the only mortgage on the property was the one with Chase.  Dkt. 40-1 at 2.  On February 28, 2016, Clark County Title issued a "Closing Disclosure," which was signed by Mr. Moss, which, in part, listed "Payoff of first mortgage to JP Morgan Chase Bank NA . . ." and the next line, "Payoff of second mortgage loan" was left blank.  Dkt. 35-1 at 53-55.

1    Clark County Title was an agent for Old Republic National Title Insurance Company, who

2  issued a written preliminary commitment for a title insurance policy for the property on March 1,

3  2016.  Dkt. 35-1 at 60-74.  That preliminary commitment listed two mortgages:  one with Chase

4  and a second with HUD.  Dkt. 35-1 at 64.

5    The sale closed on March 7, 2016 and Clark County Title disbursed funds on March 11,

6  2016.  Dkt. 35-1 at 56-58.  On the Settlement Statement, the only lender listed was "JP Morgan

7  Chase Bank NA."  *Id.* at 57.  Mr. Moss was required to bring over $3,400 to the closing.  *Id.*  The

8  Chase loan was paid off; the HUD loan was not.  Dkt. 35-1 at 2-4.

9    According to Mr. Moss, on August 24, 2017, he received a notice from a debt collector that

10  the HUD loan remained outstanding.  Dkt. 35-1 at 4; 40-41.  He contends he was told that he

11  owed $63,615.78, plus interests and fees.  *Id.*  Mr. Moss maintains that this was the first time he

12  was aware that the HUD loan had not been discharged in the 2016 sale.  *Id.*

13    Mr. Moss hired a lawyer to help him; beginning at least as early as May 10, 2018, various

14  letters were sent to HUD and to the U.S. Dept. of Treasury (the entity charged with collecting the

15  debt for HUD), disputing the debt.  *See e.g.* Dkt. 35-1 at 43-52; 75-84; 112-113.  On August 8,

16  2018, Mr. Moss's lawyer wrote to Clark County Title's insurance company, about Clark County

17  Title's failure to pay off the HUD loan.  Dkt. 40-7 at 2-3.  That letter provides, in part "[a]s you

18  know, this firm represents the legal interests of Raymond Moss . . . with regard to a claim that

19  has been made against him by [HUD] associated with an outstanding loan which was secured by

20  his former residence . . ." *Id.* at 2.  The letter asserts that Clark County Title improperly failed to

21  pay off the HUD loan and that because of Clark County Title's "malfeasance, Mr. Moss has

22  suffered injuries, including but not limited to interest, penalties, and fees assessed to the HUD

23

24

1    loan, injuries to his credit rating, which have negatively impacted his ability to acquire financing,

2    and more." *Id.* at 3.

3        In 2022, HUD began garnishing Mr. Moss's wages.  Dkt. 35-1 at 4.  Mr. Moss has requested

4    an administrative hearing to contest the wage garnishment (Dkt. 35-1 at 4); it is unclear from the

5    record whether he has received his hearing with HUD or not.

6        Mr. Moss filed a lawsuit against Clark County Title in state court on September 13, 2022.

7    *Moss v. Clark County Title,* Clark County, Washington Superior Court case number 22-2-02239-

8    06; Dkt. 39-1 at 2-4.  He voluntarily dismissed that case on March 1, 2023.  Dkt. 39-2 at 2.

9    **B.  PROCEDURAL HISTORY**

10       On April 11, 2023, Mr. Moss filed this case.  Dkt. 1.  The Amended Complaint does not

11   allege discrete claims.  Dkt. 6.  It references *Bivens v. Six Unknown Named Agents of the Federal*

12   *Bureau of Narcotics,* 403 U.S. 388 (1971), the Declaratory Judgment Act, 28 U.S.C. § 2201, *et.*

13   *seq.,* and the federal question statute, 28 U.S.C. § 1331.  *Id.*  It alleges that both Mr. Moss and

14   Clark County Title are Washington state residents.  *Id.* at 1.

15       The Amended Complaint alleges that Clark County Title failed to perform under contract. *Id.*

16   at 4.  It contends that due to Clark County Title's failure to pay off the HUD loan, Mr. Moss has

17   been injured including, but not limited to, interest, penalties, and fees assessed on the HUD loan,

18   and damage to his credit rating which has effected his ability to acquire financing.  *Id.* at 4.  As it

19   relates to Clark County Title, he seeks (1) a declaration that he is entitled to "indemnification by

20   [Clark County Title] and [that] coverage under any applicable errors and omissions insurance

21   policies" is appropriate and (2) attorneys' fees and costs pursuant to the agreement with Clark

22   County Title.  *Id.* at 6.

23   **C.  PENDING MOTIONS FROM THE REMAINING PARTIES**

24

1    Mr. Moss's motion for partial summary judgment against Defendant Clark County Title was

2    originally contained in his response to HUD's motion to dismiss.  Dkt. 35.  HUD's motion to

3    dismiss was granted and the portion of Mr. Moss's motion for partial summary judgment that

4    applied to Defendant Clark County Title was renoted.  Dkt. 37.

5        As it relates to Defendant Clark County Title, Mr. Moss's motion for partial summary

6    judgment references the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601,

7    *et. seq.* and its implementing regulation, Regulation X, 12 C.F.R. §§ 1024.7-1024.8.  Dkt. 35 at

8    5-6.  He argues that Regulation X supports the claim that Clark County Title "failed to properly

9    disclose that the HUD mortgage remained outstanding after closing, or give him adequate

10   information to allow him to make an informed decision under the circumstances."  *Id.* at 6.  Mr.

11   Moss's motion also references the Washington Consumer Protection Act ("CPA") RCW 19.86

12   *et. seq.,* "Washington escrow agent statutes," RCW 18.44 *et. seq.,* common law breach of

13   fiduciary duty, negligence, and breach of contract and argues that each of these laws and claims

14   "could apply" to Clark County Title's failures.  *Id.* at 6-7.  Mr. Moss argues that Clark County

15   Title owed fiduciary duties to Mr. Moss, breached those duties when it failed to pay off the HUD

16   mortgage, and as a result, damaged Mr. Moss.  *Id.*

17       Defendant Clark County Title opposes Mr. Moss's motion and cross moves for summary

18   judgment.  Dkt. 38.  It argues that Mr. Moss's federal claims (to the extent he makes them or

19   refers to them in either his Amended Complaint or motion) should be dismissed because the

20   statutes he references to not provide a private right of action or do not apply.  *Id.*  Defendant

21   Clark County Title contends that there is no private right of action under the "Washington

22   escrow agent statutes," RCW 18.44 *et. seq.  Id.*  It argues that the state law claims of violation of

23   the CPA, "Washington escrow agent statutes," RCW 18.44 *et. seq.,* common law breach of

24

1  fiduciary duty, and negligence should be dismissed because the statute of limitations bars the

2  claims.  *Id.*  Clark County Title also moves to strike portions of the Declaration of Ashleigh R.

3  Lansing.  Dkt. 45.

4  **D.  ORGANIZATION OF OPINION**

5  This opinion will first address Clark County Title's motion to strike (Dkt. 45), next provide

6  the summary judgment standard, and then address the parties motions and arguments relating to

7  the federal claims, by claim.  This order will then discuss whether this Court should exercise

8  supplemental jurisdiction over the state law claims and order the parties to show cause, if any

9  they have, why the Court should not decline to exercise supplemental jurisdiction over the state

10 law claims.  To the extent the motions for summary judgment address state law claims, those

11 motions should be renoted for consideration after the parties respond to the order to show cause.

12 **II.      DISCUSSION**

13 **A.  CLARK COUNTY TITLE'S MOTION TO STRIKE**

14 Clark County Title moves to strike portions of the Declaration of Ashleigh R. Lansing (Dkt.

15 43-1) which was offered in support of Mr. Moss's opposition to the motion for summary

16 judgment.  Dkt. 45.  The motion to strike (Dkt. 45) should be denied without prejudice.  While

17 the declaration was considered, it was of little help in deciding the pending motions.

18 **B.  SUMMARY JUDGMENT STANDARD**

19 Summary judgment is proper only if the pleadings, the discovery and disclosure materials

20 on file, and any affidavits show that there is no genuine issue as to any material fact and that the

21 movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). The moving party is

22 entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

23 showing on an essential element of a claim in the case on which the nonmoving party has the

24

burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986); *T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, which is a preponderance of the evidence in most civil cases. *Anderson* at 254; *T.W. Elect.* at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect.* at 630 (relying on *Anderson* at 255). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888–89 (1990).

## C. FEDERAL CLAIMS

It is not wholly clear which federal claims Mr. Moss makes here. His Amended Complaint refers to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971) and the federal question jurisdiction statute, 28 U.S.C. § 1331. Dkt. 6.

1   His motion for partial summary judgment against Clark County Title refers to RESPA, 12

2   U.S.C. § 2601, *et. seq.* and its implementing regulation, Regulation X, 12 C.F.R. §§ 1024.7-

3   1024.8.  Dkt. 35.  This reference should be construed as a motion to amend the Amended

4   Complaint to add those claims.

5   Both his Amended Complaint and the pleadings filed regarding the cross motions for

6   summary judgment refer to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*  Dkts. 6,

7   35, and 42.

8   Clark County Title moves for summary judgment on each of these federal claims.  The

9   parties motions as to each of these claims will be addressed below, by claim.

10   ***Bivens Claim.***  Mr. Moss has not pointed to facts, which if believed, would result in a viable

11   *Bivens* claim against Clark County Title.  In order to maintain a *Bivens* action, a plaintiff must

12   identify the violation of a federal constitutional right.  *Correctional Servs. Corp. v. Malesko,* 534

13   U.S. 61, 66 (2001).  Mr. Moss has not done so here and has not pointed to, or even alleged, any

14   facts which could be construed as a violation of his constitutional rights by Clark County Title.

15   To the extent he makes one, Mr. Moss's *Bivens* claim against Clark County Title should be

16   dismissed.

17   **28 U.S.C. § 1331**.  There is no independent claim for relief under the federal question

18   jurisdiction statute.  28 U.S.C. § 1331.  To the extent he makes one, Mr. Moss's 28 U.S.C. §

19   1331 claim against Clark County Title should be dismissed.

20   **RESPA and Regulation X.**  These claims do not appear in the Amended Complaint.  To the

21   extent that Mr. Moss moves for leave to amend his complaint and add them, the motion should

22   be denied.

23

24

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A motion to amend under Rule 15(a)(2), "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143 (9th Cir. 2011).

Addition of a RESPA or Regulation X of RESPA claim would be futile. Mr. Moss does not dispute Clark County Title's argument that, pursuant to 12 U.S.C. § 2614, RESPA only provides a private right of action for violations of Sections 2605, 2607 and 2608. Further, Mr. Moss does not contend that any of those sections apply here. RESPA's Section 2605 requires a lender to disclose whether servicing of the loan may be assigned, sold or transferred, Section 2607 prohibits kickbacks and unearned fees, and Section 2608 prohibits a seller from requiring that a buyer use a particular title company. 12 U.S.C. §§ 2605-2607. Mr. Moss fails to point to any facts which would support a claim under any of these RESPA provisions.

Additionally, Mr. Moss does not contest Clark County Title's argument that there is no private cause of action under Regulation X of RESPA. To the extent Mr. Moss moves to amend his complaint to add a claim against Clark County Title for violations of RESPA or Regulation X of RESPA, Mr. Moss fails to demonstrate that the amendment would not be futile. "A motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209 (9th Cir. 1988)(*overruled on other grounds*). Claims for violations of RESPA or Regulation X of RESPA should not be added to the complaint.

**Declaratory Judgment Act.** The Declaratory Judgment Act, provides "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further

relief is or could be sought."  28 U.S.C. § 2201.  "The Declaratory Judgment Act does not

provide a cause of action when a party . . . lacks a cause of action under a separate statute and

seeks to use the Act to obtain affirmative relief."  *City of Reno v. Netflix, Inc*., 52 F.4th 874, 878

(9th Cir. 2022).  Relief under the Declaratory Judgment Act "presupposes the existence of a

judicially remediable right."  *Id.*

 In his pleadings regarding the cross motions, Mr. Moss points to various state laws as the

source of his right to relief under the Declaratory Judgment Act: "Washington escrow agent

statutes," RCW 18.44 *et. seq.,* common law breach of fiduciary duty, negligence, the CPA, and

breach of contract.  Dkts. 35 and 42.  Construed liberally, Mr. Moss's Amended Complaint

asserts a claim for breach of contract.  Dkt. 6.  Aside from breach of contract, none of the other

state law claims were pled in the Amended Complaint.  In any event, these are all state law

claims.

 The "Declaratory Judgment Act is a procedural device only and requires a separate

independent basis for jurisdiction."  *Unite Here Local 30 v. Sycuan Band of the Kumeyaay*

*Nation*, 35 F.4th 695, 702 (9th Cir. 2022).  Although neither party directly raised the issue of

whether this Court has jurisdiction, "federal courts have an independent obligation to ensure that

they do not exceed the scope of their jurisdiction, and therefore they must raise and decide

jurisdictional questions that the parties either overlook or elect not to press."  *Henderson ex rel.*

*Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).  Pursuant to Fed. R. Civ. P. 12(h)(3), "[i]f the

court determines at anytime that it lacks subject matter jurisdiction, the court must dismiss the

action."

 The parties do not dispute that both Mr. Moss and Clark County Title are Washington

residents.  Accordingly, this Court does not have jurisdiction over the dispute between them

based on the parties' diversity of citizenship under 28 U.S.C. § 1332.  All diverse parties and federal defendants have been dismissed.  Dkts. 20 and 37.

Further, by this order, all federal claims upon which jurisdiction could be based have been dismissed and, to the extent he moves to amend his complaint to add federal claims, Mr. Moss's motion should be denied.  As stated above, the Declaratory Judgment Act does not provide a basis for jurisdiction.  *Unite Here Local 30* at 702.  Accordingly, no federal question jurisdiction exists under 28 U.S.C. § 1331.

The only potential remaining basis for the Court to exercise jurisdiction over this dispute, based on Washington law between two Washington residents, is 28 U.S.C. § 1367, the supplemental jurisdictional statute.

## D.  EXERCISE OF SUPPLEMENTAL JURISDICTION, ORDER TO SHOW CAUSE AND RENOTING OF MOTIONS TO THE EXTENT THEY RELATE TO STATE LAW CLAIMS

Pursuant to 28 U.S.C. § 1367 (c), district courts may decline to exercise supplemental jurisdiction over state law claims if:  (1) the claims raise novel or complex issues of state law, (2) the state claims substantially predominate over the claim which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367 (c), it is informed by the values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997)(*internal citations omitted*).

Here, two of the four conditions in § 1367(c) are present.  All diverse parties and Plaintiff's federal claims have been dismissed.  Dkts. 28 and 51.  Accordingly, this Court has "dismissed all

claims over which it has original jurisdiction," and so has discretion to decline to exercise supplemental jurisdiction over the state law claims under § 1367(c)(3).  Moreover, the remaining state claims "raise novel or complex issues of state law" under § 1367(c)(1).  These are issues for which the state court is uniquely suited.  Because state courts have a strong interest in enforcing their own laws, *See Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 352 (1988), the value of comity is served by this Court declining jurisdiction.  Further, the values of economy, convenience, and fairness may well be served by this Court's declining to exercise supplemental jurisdiction.  *See Acri* at 1001.

Accordingly, by January 19, 2024, the parties should be ordered to show cause, in writing, if any they have, why the Court should not decline to exercise supplemental jurisdiction and should not dismiss the remaining state law claims without prejudice, to be refiled in state court, if appropriate.  To the extent the parties' motions relate to state law claims, those motions (Dkts. 35 and 38) should be renoted for January 19, 2024.

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant Clark County Title's motion to strike (Dkt. 45) **IS DENIED WITHOUT PREJUDICE**;

- Plaintiff's Partial Motion for Summary Judgment and motion to amend his Amended Complaint (Dkt. 35) **IS:**

    o  **DENIED** to the extent he moves to amend his Amended Complaint to add a claim for violation of RESPA or Regulation X of RESPA;

    o  **DENIED** as to his federal claims; and

    o  **RENOTED to January 19, 2024** as to his state law claims;

- Defendant Clark County Title Co.'s motion for summary judgment (Dkt. 38) **IS:**

  o **GRANTED** as to the Plaintiff's federal *Bivens* claim and claim under 28 U.S.C. § 1331; those claims are **DISMISSED WITH PREJUDICE**;

  o **RENOTED to January 19, 2024** as to the Plaintiff's state law claims; and

- By **January 19, 2024**, the parties **ARE ORDERED TO SHOW CAUSE**, in writing, if any they have, why the Court should not decline to exercise supplemental jurisdiction and should not dismiss the remaining state law claims without prejudice, to be refiled in state court, if appropriate.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 3rd day of January, 2024.

ROBERT J. BRYAN
United States District Judge