UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAYMOND MOSS,<br><br>                Plaintiff,<br>   v.<br><br>CLARK COUNTY TITLE, CHASE BANK NA, GARY SAUTTER, U.S. DEPTARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>                Defendants. | CASE NO. 3:23-cv-05317-RJB<br><br>ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION, DISMISSING STATE CLAIMS WITHOUT PREJUDICE AND CLOSING CASE |

     This matter comes before the Court on the Court's January 3, 2024 Order to Show Cause (Dkt. 47), the Plaintiff's Partial Motion for Summary Judgment (Dkt. 35), and the Defendant Clark County Title [Co.'s] ("Clark County Title") Motion for Summary Judgment (Dkt. 38). The Court has considered the pleadings filed in response to the Order to Show Cause, the pleadings filed regarding the motions for summary judgment, and the remaining file.

     In this case, the Plaintiff, Raymond Moss, contends that Defendant Clark County Title, while acting as an escrow agent, failed to pay off a second mortgage on his former residence

resulting in damages to him. Dkt. 6. The Plaintiff does not seek damages in this case – only declaratory relief, attorneys' fees, and costs. *Id.*

Defendants Chase Bank NA, Gary Sautter, and the U.S. Department of Housing and Urban Development have now been dismissed with prejudice. Dkts. 20 and 37.

On January 3, 2024, Clark County Title's motion for summary judgment on the Plaintiff's federal claims was granted and the Plaintiff's motion for summary judgment on his federal claims was denied. Dkt. 47. All Plaintiff's federal claims were dismissed. *Id.*

The January 3, 2024 order noted that all diverse parties and Plaintiff's federal claims had been dismissed. Dkt. 47. It ordered the parties to show cause, in writing, if any they had, why the Court should not decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) and dismiss the remaining state law claims without prejudice, to be refiled in state court, if appropriate. *Id.* The parties responses were due by January 19, 2024. To the extent they addressed state law claims, their motions for summary judgment (Dkts. 35 and 38) were renoted to be considered after a decision on supplemental jurisdiction was issued. Clark County Title responded timely and encourages the Court to retain jurisdiction in the case. Dkt. 48.

Pursuant to 28 U.S.C. § 1367 (c), district courts may decline to exercise supplemental jurisdiction over state law claims if: (1) the claims raise novel or complex issues of state law, (2) the state claims substantially predominate over the claim which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367 (c), it is informed by the

values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997)(*internal citations omitted*).

Here, two of the four conditions in § 1367(c) are present. All diverse parties and Plaintiff's federal claims have been dismissed. Dkts. 20, 37 and 47. Accordingly, this Court has "dismissed all claims over which it has original jurisdiction," and so has discretion to decline to exercise supplemental jurisdiction over the state law claims under § 1367(c)(3). Moreover, the remaining state claims "raise novel or complex issues of state law" under § 1367(c)(1). These are issues for which the state court is uniquely suited. While Clark County Title maintains that the statute of limitations applies to many of the Plaintiff's state law claims, it is not clear whether it applies to a breach of contract claim, if any. Because state courts have a strong interest in enforcing their own laws, *See Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 352 (1988), the value of comity is also served by this Court declining jurisdiction. Further, the values of economy, convenience, and fairness may well be served by this Court's declining to exercise supplemental jurisdiction. *See Acri* at 1001.

The Court should decline to exercise supplemental jurisdiction over the Plaintiff's state law claims. The Plaintiff's state law claims should be dismissed without prejudice, to be refiled in state court, if appropriate.

To the extent the parties' motions for summary judgment address state law claims (Dkts. 35 and 38) they should be stricken as moot.

This case should be closed.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 23rd day of January, 2024.

ROBERT J. BRYAN
United States District Judge

ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION, DISMISSING STATE CLAIMS WITHOUT PREJUDICE AND CLOSING CASE - 4